# United States Bankruptcy Court
### Eastern District of Louisiana

In re **Michelle White-Barbarin**　　　　　　　　　　　Case No. **11-14139 A**
　　　　　　　　　　　　　　　Debtor(s)　　　　　　　Chapter **13**

## CHAPTER 13 PLAN - 3rd AMENDED

1. <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$1,335.00** per month for **60** months.

    Total of plan payments: **$80,100.00**

2. <u>Plan Length</u>: This plan is estimated to be for **60** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

    a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the amount of their allowed secured claims have been fully paid or until the Debtor has been discharged. Upon payment of the amount allowed by the Court as a secured claim in the Plan, the secured creditors included in the Plan shall be deemed to have their full claims satisfied and shall terminate any mortgage, lien or security interest on the Debtor's property which was in existence at the time of the filing of the Plan, or the Court may order termination of such mortgage, lien or security interest.

    b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

    c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

    a. Administrative Expenses
    (1) Trustee's Fee:　**4.97**%
    (2) Attorney's Fee (unpaid portion):　**$1,985.00 to be paid through plan in monthly payments**
    　　Attorney's fees are subject to application and approval of the court. Attorney fees will be paid from first funds.
    (3) Filing Fee (unpaid portion):　**NONE**

    b. Secured Claims
    (1) Secured Debts Which Will Not Extend Beyond the Length of the Plan

    | Name/Description of Collateral | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) | Total Payments |
    |---|---|---|---|---|
    | **Northern Trust** | **2,000.00** | **Prorata** | **5.00%** | **2,147.53** |
    | **401K** | | | | |
    | **Wells Fargo** | **6,942.00** | **Prorata** | **5.50%** | **7,507.84** |
    | **2004 Cadilac SRX 132,000 miles** | | | | |

    (2) Secured Debts Which Will Extend Beyond the Length of the Plan

    | Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (If specified) | Total Payments |
    |---|---|---|---|---|
    | **-NONE-** | | | | |

    c. Priority Claims under 11 U.S.C. § 507

    | Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) | Total Payments |
    |---|---|---|---|---|
    | **IRS** | **416.00** | **416.00　Month 32** | **0.00%** | **416.00** |

d. Unsecured Claims
   (1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) | Total Payments |
|---|---|---|---|---|
| **-NONE-** | | | | |

   (2) General Nonpriority Unsecured: Other unsecured debts shall be paid **35** cents on the dollar and paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Name/Description of Collateral | Amount of Default to be Cured | Monthly Payment | Interest Rate (If specified) | Total Payments |
|---|---|---|---|---|
| **Bsi Financial Services** **3929 Franklin Avenue** | **26,733.45** | **Prorata** | **0.00%** | **26,733.45** |
| **Wells Fargo** **2004 Cadilac SRX 132,000 miles** | **1,483.00** | **Prorata** | **5.50%** | **1,603.88** |

6. The Debtor shall make regular payments directly to the following creditors:

| Name | Collateral | Market Value | Amount of Claim |
|---|---|---|---|
| **Bsi Financial Services** | **3929 Franklin Avenue** | **90,000.00** | **42,381.89** |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
   **NONE.  Payments to be made directly by debtor without wage deduction.**

8. The following executory contracts of the debtor are rejected:

| Other Party | Description of Contract or Lease |
|---|---|
| **-NONE-** | |

9. Property to Be Surrendered to Secured Creditor

| Name | Collateral | Market Value | Amount of Claim |
|---|---|---|---|
| **-NONE-** | | | |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

| Name | Collateral | Market Value | Amount of Claim |
|---|---|---|---|
| **-NONE-** | | | |

11. Title to the Debtor's property shall revest in debtor on confirmation of a plan.

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:
    **Debtor will make adequate protection payments of $50.00 per months to Wells Fargo until Trustee begins making disbursements.**

SUMMARY AND ANALYSIS OF PLAN PAYMENTS TO BE MADE BY TRUSTEE

Total debt provided under the Plan and administrative expenses:

| | |
|---|---:|
| 1. Attorney Fees | **1,985.00** |
| 2. Arrearages | **28,337.33** |
| 3. Secured Claims | **9,655.37** |
| 4. Priority Claims | **416.00** |
| 5. Separate Class of Unsecured Claims | **0.00** |
| 6. All other unsecured claims | **35,725.30** |
| Total payments to above Creditors | **76,119.00** |
| Trustee fees | **3,981.00** |
| Total Debtor payments to the Plan | **80,100.00** |

Reconciliation with Chapter 7:

| | |
|---|---:|
| Interest of unsecured creditors if Chapter 7 filed | |
| Total property of debtor | **110,672.00** |
| Property securing debt (excludes avoided liens) | **79,540.34** |
| Priority unsecured claims (Schedule E) | **416.00** |
| Exempt property | **30,199.66** |
| Administrative Costs | **0.00** |
| Available to General Unsecured (Under Chapter 7) | **516.00** |
| Total General Unsecured | **101,507.57** |
| Percent of unsecured, nonpriority claims paid if Chapter 7 filed (est.) | **1%** |
| Percent of unsecured, nonpriority claims paid under Plan | **35%** |

Date **March 27, 2012**          Signature   **/s/ Michelle White-Barbarin**
                                             **Michelle White-Barbarin**
                                             Debtor

Reasonable compensation not to exceed 3% of the amount over $1,000,000.00.  O _____

ADD l+m+n+o = [5]
LINE 4 LESS LINE 5 = [6]

LINE 6 LESS __1_% ADMINISTRATIVE COST [LINE 4X.99]      7 _____

218⁰⁰
−2⁰⁰
_____
216⁰⁰

If Line [7] remaining sum is less than $1,500.00 Liquidation is Zero.

If Line [7] is more than $1,500.00 proceed

IF LINE 7 IS MORE THAN $1,500.00 PROCEDE

LINE 7 LESS PRIORITY [SCH E] _____ [8]

Discount Rate 6% Factor Depends on the Term of the Plan [see Chart Present Value Factors with 6% Discount Rate]

Line 8 x [Chart Value] = [9] Liquidation Value _____ [9]

NET LIQUIDATION AMOUNT EQUALS [9] _____  0⁰⁰

Date  3/12/12                    Signature /s/ Michelle White-Barbor
                                          Debtor  Michelle White-Barbar

Date _____              Signature /s/ _____
                                          Joint Debtor

Attorney  /s/ John C. Menszer   LA Bar No.
          John C. Menszer   LA Bar No. 22118

# United States Bankruptcy Court
**Eastern District of Louisiana**

In re _____    Case No. _____
                        Debtor(s)           Chapter **13**

LIQUIDATION ANALYSIS WORKSHEET

I. CALCULATION OF NET LIQUIDATION AMOUNT

Real Estate (BPO has to be written within 2 years)       90,000.00

Market Value of Real Estate Less 10% Sales Commission and Closing Costs =a    81,000.00

Exemption on Real Estate =b       35,000.00

Less: Mortgages on Real Estate=c      69,115.34

Total a-b-c=[1]       0.00

II. CALCULATION OF NET LIQUIDATION ON SUCCESSION

Amount of Succession ( Market Value of Succession Interest Less Mortgage and Homestead Exemption {Only if one parent is living}=d

Less Cost of Opening Succession ($2,500 x Debtor's Interest)=d1

Total d-d1 = [2]

III. CALCULATION OF NET LIQUIDATION ON REMAINING ASSETS (Assets Sch B Less Exemption Sch C Less Mortgage Sch D)

Line 1-3 (Cash)           40 + 187 + 120 + 200         707.00
Line 4-8 (Household)      80 + 80
Line 9-19 (Investments)
Line 20 (Inherited Property)
Line 22-24 (Patents)
Line 25 (Autos, Trucks)   Cadillac 7000 - 11,650 = 0    Jeep 1315 - 7500 = 0
Line 26 (Boats)

Add e,f,g,h,i,j,k=[3]

TOTAL OF NET LIQUIDATION OF ESTATE

Add [1] Total Real Estate + [2] Total Succession + [3] Total Remaining Assets - Less Priority Debts [ Sch E] =[4]  <4167>
                                                                                                    priority

LESS THE TRUSTEE FEE
25% of first $5,000.00           L _____
10% of $5,000.00 to $50,000.00   m _____          291.00
5% of $50,000.00 to $999,999.99  n _____
                                                    -73